IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Bryan Allan Lanier, #348985, | ) | C/A No.: 2:12-cv-301-TLW-BHH |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Warden McKie; John Houser, Chaplin; Ms. Marshall, Kitchen | ) | **ORDER** |
| Supervisor; in their official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court because of Plaintiff's failure to comply with the Order entered in this case on February 17, 2012, within the time for compliance set under the Order. (Doc. # 7).

Under the February 17th Order, Plaintiff was directed to submit certain items required to bring this case into proper form. Plaintiff was directed to: "1) Complete one summons form which lists Defendants McKie, and Marshall named in this matter; and 2) Complete, sign, and return a Form USM-285 for Defendants McKie and Marshall listed in this case." None of the items have been submitted to the Court as directed.

Plaintiff was also specifically warned that this case would be dismissed if he failed to fully comply with the Order. The final deadline for Plaintiff's compliance was set for March 12, 2012. That date passed without any further communication from Plaintiff.

As a result, a South Carolina incarcerated inmate database search was conducted, which showed Plaintiff was currently incarcerated at Perry Correctional Institution rather than Kirkland Correctional Institution where Plaintiff had been incarcerated at the time he filed this action. The proper form Order and the proper form documents were sent to the Plaintiff at Perry Correctional Institution on March 23, 2012. Plaintiff was given until April 13, 2012 to bring his case into proper form. The Plaintiff has twice failed to provide the Court with the necessary documents and the deadlines to do so have expired.

Applying the four-factor test[1] of *Chandler Leasing Corp. v. Lopez,* 669 F.2d 919, 920 (4th Cir. 1982), it is clear that the failure of Plaintiff to fully comply with the Order in this case within the times permitted under that Order indicates an intent on Plaintiff's part not to prosecute this case. Furthermore, the Fourth Circuit has found that dismissing a case for failure to obey a court order is not an abuse of discretion, and the four-prong test in *Chandler* need not be applied rigidly. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (courts must have the authority to control litigation before them; even dismissal with prejudice appropriate where warning given).

Accordingly, this case is, hereby, **DISMISSED** *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute the case. *See* Fed. R. Civ. P. 41(b) (involuntary dismissal appropriate where plaintiff fails to comply with a court order).

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

April 27, 2012
Florence, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The four criteria are: "(1) the degree of responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion;' and (4) the existence of a sanction less drastic than dismissal."